IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ZACH WHITE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:24-CV-2139-D |
| § | |
| CHARTER COMMUNICATIONS, § | |
| INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Zach White ("White") asserts various state-law claims against five defendants, including, in pertinent part, Charter Communications, Inc. and Charter Communications Holding Company, LLC (collectively, "the Charter defendants," unless the context indicates otherwise). The Charter defendants together move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.[1] For the reasons that follow, the court grants the motion and dismisses White's actions against the Charter defendants with prejudice by Rule 54(b) final judgment filed today.

I

This lawsuit arises from a single-car motor vehicle accident in which White suffered

---

[1] The Charter defendants move in the alternative for judgment on the pleadings under Rule 12(c). The court will decide the Charter defendants' motion based on Rule 12(b)(6), although the standards for deciding both motions are the same.

significant injuries.[2] In 2022 White crashed his Ford F-450 pickup truck while departing from a work assignment. The truck—issued to White by his employer, Charter—was defective. Upon impact, the airbag did not deploy and the seatbelt did not provide adequate restraint, causing White to strike his head and suffer serious bodily injuries.

White filed this suit in Texas state court. The only claim he asserts against the Charter defendants is for gross negligence under Texas law. One of the defendants—Ford Motor Company—with the consent of two other defendants whose joinder is not challenged as improper—removed the case to this court based on diversity of citizenship. The Charter defendants now move to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. White has not responded to the motion, which the court is deciding on the briefs, without oral argument.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiff's] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d

---

[2] The court recounts the background facts favorably to White as the nonmovant. In deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (addressing Rule 12(b)(6) standard)).

191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

The dispositive question presented is whether White has pleaded a plausible gross negligence claim against the Charter defendants.

A

To recover for gross negligence under Texas law, a plaintiff must satisfy the elements of an ordinary negligence claim and also prove by clear and convincing evidence that the defendants acted with gross negligence.

"A negligence claim requires proof of a legal duty owed by the defendant[s] to the

plaintiff, a breach of that duty, and damages proximately caused by that breach." *Bartolowits v. Wells Fargo Bank, N.A.*, 2016 WL 1436430, at *7 (N.D. Tex. Apr. 11, 2016) (Fitzwater, J.) (citing *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 782 (Tex. 2001)). Proximate cause consists of cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). "The test for cause in fact is whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred." *Castillo v. Gared, Inc.*, 1 S.W.3d 781, 786 (Tex. App. 1999, pet. denied). "Cause in fact is not shown if the defendant[s'] negligence did no more than furnish a condition that made the injury possible." *Id.* "The evidence must show that the defendant[s'] negligence was a substantial factor and not a remote cause." *Id.* Foreseeability "requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission." *Id.*

Gross negligence consists of objective and subjective elements. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). Under Texas law, gross negligence means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (West 2024). Risks are "examined prospectively from the perspective of the actor, not in hindsight," *Columbia Medical Center*

of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008), and an "'extreme risk' is not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury," *U-Haul Int'l*, 380 S.W.3d at 137. The subjective element requires that the plaintiff show "that the defendant[s] knew about the peril, but [their] acts or omissions demonstrate that [they] did not care." *Diamond Shamrock Refin. Co. v. Hall*, 168 S.W.3d 164, 173 (Tex. 2005) (quoting *La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 247-48 (Tex. 1999)).

B

In support of his gross negligence claim, White alleges that Charter owned and issued White's defective truck and that "[t]he gross negligent acts and omissions of [the Charter defendants] disregarding [White's] safety . . . were a direct and proximate cause of the incident in question and the resulting injuries and damages[.]" Am. Compl. ¶ 73. These are, at best, "[t]hreadbare recitals of the elements of [this] cause of action, supported by mere conclusory statements, [that] do not suffice." *Iqbal*, 556 U.S. at 678. Thus dismissal is proper. *See, e.g.*, *Armstrong v. Ashley*, 60 F.4th 262, 276 (5th Cir. 2023) (affirming dismissal where plaintiff's allegations were pleaded "in a conclusory fashion without meaningful factual content"); *Moore v. Potter*, 275 Fed. Appx. 405, 409-10 (5th Cir. 2008) (per curiam) (same); *Wilson v. Korth Direct Mortg., Inc.*, 2023 WL 8569084, at *3-4 (N.D. Tex. Dec. 11, 2023) (Fitzwater, J.) (dismissing under Rule 12(b)(6) gross negligence claim supported only by bare and conclusory allegations).

C

Although "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case," *In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.), dismissing White's actions against the Charter defendants without granting him leave to replead is proper; by not opposing the instant motion to dismiss, White has effectively "advise[d] the court that [he is] unwilling or unable to amend in a manner that will avoid dismissal[,]" *id.*

\* \* \*

For the reasons explained, the court grants the Charter defendants' Rule 12(b)(6) motion and dismisses White's actions against them with prejudice by Rule 54(b) final judgment filed today.

**SO ORDERED**.

November 26, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE